UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAHMI MOHAMMED ALI MUGAIDEA, *et al.*,

        Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

        Defendants.

Case No. 24-cv-2836 (JMC)

## MEMORANDUM OPINION

Plaintiffs Fahmi Mohammed Ali Mugaidea and Amr Mohammed Ali Mugaidea brought this action against the U.S. Department of Homeland Security, the U.S. Department of State, and their respective Secretaries. *See* ECF 5.[1] Plaintiffs seek a writ of mandamus compelling Defendants to issue SE Special Immigrant Visas. *Id.* ¶ 1. On March 19, 2025, Defendants moved to dismiss Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF 10. More than three weeks have passed, but Plaintiffs, who are represented by counsel, have neither filed an opposition to Defendants' motion nor requested an extension of time to do so. And they have not filed anything else on the docket or taken other steps to prosecute this case since Defendants moved to dismiss. Because Plaintiffs have failed to respond to Defendants' motions to dismiss, the Court **GRANTS** Defendants' motion as conceded and **DISMISSES** the case without prejudice.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 14 days of the service of the motion, or "the Court may treat the motion as conceded." LCvR 7(b). Defendants moved to dismiss Plaintiffs' complaint on March 19, 2025, making Plaintiffs' response due on April 2, 2025. That deadline has come and gone with no word from Plaintiffs.

Accordingly, the Court grants the Defendants' motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction as conceded. *See* ECF 10 at 14–18. In response to a Rule 12(b)(1) motion, Plaintiffs have the burden to establish that the Court has subject matter jurisdiction. *See, e.g.*, *Berman v. Fed. Election Comm'n*, No. 23-CV-01017, 2024 WL 3887373, at *2 (D.D.C. Aug. 20, 2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Having filed no response at all, Plaintiffs have not satisfied their burden.

Accordingly, the Court will **GRANT** Defendants' motion to dismiss, ECF 10, and **DISMISS** the case **WITHOUT PREJUDICE**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 11, 2025